v. Haverkamp. Good morning. May it please the Court. Yongchun Lee, Federal Defenders, for Paul Haverkamp. The district court made three errors of sentencing. It imposed an unreasonably long term of imprisonment. It imposed an overly intrusive condition of supervised release. And it also imposed a $10,000 fine under Section 3014 that exceeded the $5,000 cap. Can I ask you about the third point? Yes. Was that objected to before the appeal, or is that here? It was not. So where I'm playing error review. That's plain error review. It's plain error review, Your Honor. And, you know, this is – this Court's – But the law is still unsettled, isn't it? It's very much unsettled. So, in fact, that's what I – How can it be plain error if the law is unsettled? Well, this Court – for two reasons, Your Honor. This Court has said that an error could be plain simply on – where there's – it violates clear principles. And here the clear principle is the plain language of the statute. And additionally, this Court has said many, many times, even in the context of fines in particular, that a sentence that exceeds the statutory maximum is by itself plain error. And so – and in addition, this Court's plainer jurisprudence is that sentencing errors are treated differently because the cost of the remedy is very low, as opposed to a trial error, and also that the Court looks differently when the error – when there's no hint of sandbagging, right, or strategy. This is just a simple inadvertence. There's no reason counsel didn't object other than, you know, if I may speculate, that counsel was concerned about the term of imprisonment, and so wasn't thinking about this monetary thing that was being imposed on her client. But so I do – I would like to focus on the 3014 issue because it's an issue of first impression in this circuit, and as far as I know, not – has not been the subject of any decision by any court at any level. We submit that the plain language of 3014 resolves this case. It states that the Court shall assess an amount of $5,000 – an amount of $5,000 on any eligible defendant. An eligible defendant is defined as somebody who is non-indigent and then convicted of one of listed sex or victim trafficking offenses. And the critical point – so not only – so that's the plain language that says it right there. But the other point I'd like to emphasize is that silence here speaks volumes, Your Honor. Congress is obviously concerned, as it rightly should, about imposing a $5,000 assessment on a criminal defendant, right? And most criminal defendants don't have $5,000. They're not Jarek Cole or some, you know, Wall Street financier. $5,000 is a significant amount of money in and of itself. The idea – and Congress put that in there. Congress evidently showed its concern that it was – it was concerned about people's ability to pay by putting – There were two offenses here, right? Yes. So couldn't this language be read to say per an offense, and there are two offenses? So this is – my point is this, is that, Your Honor, if Congress wanted to double, triple, quadruple, quintuple that already significant amount, surely it would have said so, Your Honor. I mean, this is not a small thing, right? The idea that you could sort of just read into the statutes kind of willy-nilly that, oh, it's on a per count basis, four counts, 5,000, 20 grand. You can't do that, Your Honor. This is not like 3013, Your Honor. That's – you know, we're talking – in 3013, the amounts even now, they've been – originally they were even lower than this, but they've been doubled since 1984. But even now, they range from $5 per count for a misdemeanor up to, I think, $100 per count for a felony, okay? You know, this is just different worlds, Your Honor. 3013, we're talking nominal, trivial amounts of money as opposed to $5,000. It's not – it's not a – we're not – it's a categorical difference in the amounts. So this idea, and this is the government's principle argument really on appeal, is like, well, you know, we impose the assessment on the 3013 on a per count basis, so why shouldn't we do the same on the 3014? The argument fails because we're talking about two completely different things, Your Honor. So, again, this idea that Congress was very concerned about a defendant's ability to pay $5,000, it's evidenced by the fact that unlike 3013, right, 3013, there's no – if you're convicted, you've got to pay it. Right? There's no – there's not this notion that only non-Indigen people have to pay it. And the fact that this is built into 3014, explicitly built into 3014, shows that Congress was aware that this was a significant amount, and thus in the absence of a clear statement elsewhere in the statute that this $5,000 is to be doubled, tripled, quadrupled, quintupled by the count, the court shouldn't read it. In view of the circumstances of your client's offense, why wasn't the computer monitoring condition appropriate? So this court, you know, it does. So computer monitoring conditions, there's a lot of cases in this court about this, right? And what the cases seem to say that basically an ordinary, you know, run-of-the-mill CP offender, which almost always involves use of computers, right? For a run-of-the-mill offender, yes, well, you can't bar him from using the Internet. That's Sofsky. But you can monitor, and you can monitor his use of computers, and we don't dispute that. And so the question is, what is the extent of that monitoring? How intrusive is that monitoring? Given that even a defendant convicted of child pornography and unsupervised release, that person still retains fundamental constitutional liberties, including the Fourth Amendment rights, and also including First Amendment rights. And that for so what this Court's cases say is that for a typical child pornography defendant who used a computer, you're allowed to monitor. But the monitoring condition in light of his constitutional liberties has to be narrowly tailored. This is from the Court's decision in Lifshitz from 2004. It has to be narrowly tailored and not sweep so broadly as to draw into it a wide swath of extraneous material. And this condition here, on its face, Your Honor, on its face violates that rule. It allows – it on its face allows the probation officer to survey all activity on Mr. Havokamp's computers and connected devices. So, you know, some people don't have a computer at home that's not connected, right? So if you have a child, maybe you have a computer that you use for word processing or to write letters or to, you know, do doodling on or whatever. This condition allows, you know, allows the probation officer even to monitor all activity on an unconnected device. And there's simply no reason for that. That's more intrusive of Mr. Havokamp's liberty than reasonably necessary. Unless the Court has any other questions, I've saved two minutes for rebuttal. All right. Thank you. We'll hear from the government. May it please the Court. My name is Eleni Floater, and I'm an Assistant United States Attorney in the Southern District of New York. I represent the government on appeal, as I did at the District Court below. Your Honors, the District Court's guideline sentence in this case should be affirmed in all respects. Mr. Havokamp raises three issues before this Court in which he seeks to have this Court second-guess Judge Abrams' decision on sentencing after he pled guilty to possession, receipt, and distribution of child pornography. None of his grounds for appeal has any merit. First, Judge Abrams did not abuse her discretion in sentencing Mr. Havokamp principally to a guideline sentence of 121 months' imprisonment. Second, Judge Abrams did not err, much less plainly err, in assessing a $5,000 special assessment per count under Section 3014, as that is the plain language of the statute and what it requires. Finally, Judge Abrams appropriately imposed computer monitoring as a condition of Mr. Havokamp's supervised release in light of the offense conduct at issue here and the need to adequately deter Mr. Havokamp once he is released from his custodial sentence in 121 months. Turning specifically to the two issues that were addressed before this Court, the last two issues, Section 3014, as well as the computer monitoring condition, Section 3014, by its plain language, requires that the special assessment be assessed per count. The language of this statute, first of all, the statute is titled Additional Special Assessment, and the relevant part of that statute states that in addition to the assessment imposed under Section 3013, the Court shall assess an amount of $5,000 on any nonindigent person or entity convicted of an offense and list a host of offenses that are covered by Section 3014. The language is clear that it is referring to each and every offense. What's clear about it? It's ambiguous. Your Honor, the fact that it You can't make it clear by pounding the table. Your Honor, we are not pounding the table. In the actual statute itself, it refers back to Section 3013, and it states in addition to the assessment imposed under Section 3013, and under this Court's interpretation of Section 3013, the assessment imposed under 3013 is done on a per-count basis. And so in order for Section 3014 to be compatible with Section 3013 and for a court to appropriately apply the mandate of Section 3014, the special assessment has to be imposed on top of each assessment that was given under 3013. Well, simply, that's an interpretation of the statute. I mean, it says in addition to the assessment imposed, the Court shall impose this Court shall assess an amount of $5,000. I mean, that can be read to say an across-the-board $5,000, can't it? Your Honor, certainly that could be an interpretation. But given the fact that It's been interpreted that way, in fact, right, the Fifth Circuit, without discussion. Yes, Your Honor. I actually believe it might have been the Eighth Circuit that gave it under a per-offender as opposed to a per- Okay, right. Fifth Circuit went the other way. Eighth Circuit went $5,000 for five felony counts. Exactly, Your Honor. So courts are interpreting it different ways. Yes, Your Honor. That is correct. In view of the circuit split, we aren't particularly helped by your insisting that it's elusive. Your Honor, I would argue that there's actually, even though it has been applied in this way, I don't think that there has been a circuit split at this point, given the fact that there was no discussion of exactly how the different courts arrived at their special assessments, only the results that ended up being on a per-offender or per-count basis. The district judges out there who read the briefs thought about it and reached that decision. I mean, they didn't, it obviously would have been helpful if they had memorialized their analysis, but- The district judges, too. Obviously, we'll rule as they did. Your Honor, on the fact that Section 3013- So- Yes. So it's plain error review. How do you respond to the argument that clear principles are being violated and therefore we can still find plain error? Your Honor, the clear principles are not being violated in this case. In fact, the fact that there could be, the appellants argue that there could be multiple interpretations of 3014 suggests that there was no clear and obvious error that the district court committed here. Without guidance from this court and the fact that other- Wouldn't the government be helped if we just cleared this whole matter up? Your Honor, under the standard of plain error review, I think the defendant can't meet his burden. And so, therefore, while it would be helpful, because he does not meet the plain error standard of review, the special assessment imposed by the district court must be affirmed. Turning to the computer monitoring condition, Your Honors, the assertion that this was improperly imposed is without merit and, again, does not rise to the level of plain error review. The computer monitoring condition that was imposed in this case is that the defendant must participate in the computer internet program as part of that program, and as part of that program, the probation office will be authorized to install any application as necessary to survey all activity on computers owned or operated by Mr. Haberkamp. What the program will look like at the time of Mr. Haberkamp's release is unknown, but given that there was no objection from the defendant to the special condition when it was imposed, it was not in plain error for the court to impose such a condition given the offense conduct at issue and given the fact that Mr. Haberkamp's offense conduct relied heavily on computer usage. In fact, most distressingly, in contacting minors and having those minors produce additional child pornography that wasn't already part of the existing horrendous child pornography market at the time. And, indeed, the part of the special condition that Mr. Haberkamp has issue with and is most worried about is not even guaranteed under the special condition in the judgment of conviction to be implemented under the plain terms of the condition because it's only as necessary. If the probation office decides that it's necessary to survey activity or to implement an application to survey activity on his internet accessible computers. Moreover, there is no need for this court to invalidate this condition on plain error review as if and when the part of the condition that Mr. Haberkamp is most concerned about is in fact implemented, Mr. Haberkamp will have the opportunity at that point to revisit his condition and seek to have it modified before the district court under Title 18 U.S. New United States Code Section 3583E. For all of these reasons, Your Honors, the judgment of conviction should be affirmed and unless the panel has any further questions for the government, the government will rest on its arguments in its brief. Thank you. Thank you. We'll hear the rebuttal. Thank you. Just two very quick points. First, this idea the government just relies on that they're both called special assessments, right, as if that means anything that settles the issue. But this is really just a generic term, and neither party talked about this in the briefs, but if I may speculate, I think the reason that they're called special assessments rather than fines is because 3013 was originally challenged in the 80s on the ground that they violated the Constitution's origination clause because the bill proposing it came from the Senate. And the Supreme Court actually ended up taking this issue in U.S. v. Munoz-Flores, Justice Marshall's opinion from 1990, saying that it doesn't violate the origination clause because it's dedicated to a special source, so it's not a general funding statute, general revenue statute. And so the same here. 3014 was introduced by Senator Cornyn in the Senate. And so if you called it a fine and if it went into a general revenue pot, it would theoretically violate the origination clause. So the fact that they called it a special assessment just like with 3013, I think the idea was that, well, it's going into the special victim fund, okay? And that's the only – so that's why they're – Is that where it goes? Yes. There's something called a domestic victim trafficking fund. And so that's why they're lumped together, I mean, 3013 and 3014. They're the only – as far as I know, the only things called special assessments in the U.S. Code. But everybody – you know, but the district court called it a fine. The probation office called it a fine. And certainly it is a fine. It's just that for this reason it's not. And the other point I'd like to emphasize – Would the rule of lenity apply here? We don't think you need to get there because, you know, the rule of lenity applies only where there's sort of like essentially a terminal ambiguity. But certainly ties goes to the runner on this question. This is a – without a doubt a criminal penalty. And the courts that had said that 3013, that you don't use the rule of lenity for that, those reasons do not apply here. Principally the reasons that don't apply – that they didn't apply the rule of lenity for reading 3013 was because it was a nominal amount and because it wasn't based on the nature of the offense. Here it's specifically based on the nature of the offense as well as a very substantial nominal amount. So my very final point was simply that the court may be aware of this already, but this court itself in U.S. v. Carlos Rosario just a couple of weeks ago, the issue was brought up. It was a three-count conviction. All three are triggering eligible counts under 3014. And the district judge imposed a single $5,000 assessment. And the defendant appealed on the ground that he was – that even the $5,000 shouldn't have been imposed because he was indigent, okay? And this Court I think sent it back. I think Judge Sack was on the panel. But the government – so again, this is, again, further confusion here that even in this circuit that – and this Court itself has now essentially passed on this question. And the government never argued in that case that it should have been a $15,000 fine. And so the Court needs to decide this issue. The courts – the district courts are not clear about this. And it is a significant burden on defendants. Thank you. What was your decision?